```
                    UNITED STATES DISTRICT COURT

                   NORTHERN DISTRICT OF CALIFORNIA


THE TRAVELERS INDEMNITY      )
COMPANY OF CONNECTICUT, a    )
Connecticut Corp.,           )    No. C09-5012 BZ
                             )
        Plaintiff(s),        )
                             )
    v.                       )
                             )    REPORT AND RECOMMENDATION
DAVID CHU, et al.,           )
                             )
        Defendant(s).        )
                             )
_____)
```

Before the Court is The Travelers Indemnity Company of Connecticut's ("plaintiff") motion for entry of default judgment against defendants David Chu, Leanna Tran, Mouwat Construction Inc. ("Mouwat"), and U.S. Home Center II, Inc. ("U.S.H.C. 2"). As defendants have not appeared in this action or consented to my jurisdiction, I will have the matter reassigned. For the following reasons, I **RECOMMEND** that Judgment be entered in plaintiff's favor.

On December 3, 2009 plaintiff filed its first amended complaint ("complaint") requesting a declaration that it had no duty to defend or indemnify defendants in a separate state

1

court proceeding. On December 9, 2010 plaintiff served defendants Chu and Tran. On December 11, 2009 plaintiff served defendants U.S.H.C. 2.[1] On January 4, 2010 plaintiff served Mouwat. All defendants failed to answer the complaint or otherwise defend the action. On March 26, 2010, upon plaintiff's request, the clerk of this court entered defendants' default under Rule 55(a). By its default, defendants are deemed to have admitted the well-pleaded averments of the complaint. <u>TeleVideo Systems, Inc. v. Heidenthal</u>, 826 F.2d 915, 917-18 (9th Cir. 1987). Plaintiff has submitted sufficient evidence to prove that defendants Chu and Tran are not minors, incompetent, or currently serving in the military.[2]

Pursuant to Rule 55(b)(2), the Court may enter a default judgment against a party against whom default has been entered. The decision to grant or deny a default judgment under Rule 55(b) is within the discretion of the Court. <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

The following facts are deemed admitted based on the allegations of the complaint. In 2006 Chu and Tran approached plaintiff seeking insurance for a hardware store, "U.S. Home

---

[1] USHC 2's is not a named insured under the policy.

[2] A court may not enter a default judgment against an unrepresented minor, an incompetent person, or a person in military service. Fed. R. Civ. P. 55(b)(2); 50 App. U.S.C. 521. As corporations, Mouwat and U.S.H.C. 2 are not afforded such protection. Plaintiff's declaration, submitted May 11, 2010, sufficiently establishes that Chu and Tran are not minors, incompetent, or currently serving in the military. Doc. No. 23.

1  Center," which they co-owned.³  Compl. ¶ 10.  Specifically,
2  Chu and Tran sought to insure the "building, the building's
3  contents, and their business as a supplier/retailer."  Id.
4  Chu and Tran did not seek "contractors' insurance."  Id.
5  Plaintiff issued Chu and Tran "Commercial General Liability
6  Coverage" policies for three consecutive years.  Id. at ¶ 11-
7  14.  Each policy described the insured business as "a hardware
8  store located at 4933 San Leandro Street in Oakland."  Id. at
9  ¶ 14.

10  On May 23, 2005 Chu contracted with Darryl and Cholai
11  Klawitter ("Klawitters") for "Structural Framing for the
12  Addition/Alteration" of their property for a total cost of
13  $196,000.  Id. ¶ 19.  The Klawitters were not satisfied with
14  Chu's work in part because the alteration failed building
15  inspection multiple times.  Id. at ¶ 23.  In March 2008, Chu
16  brought in defendant Mouwat to inspect and repair the work he
17  had done.  Id. at ¶ 24.  Mouwat did some work on the
18  Klawitters' property but it and Chu were both "kicked off the
19  job" in March 2008.  Id.

20  On May 14, 2008 Chu requested that Mouwat be added
21  retroactively to his policy, which plaintiff approved.  Id. at
22  ¶ 26.  On September 18, 2008 the Klawitters filed a lawsuit in
23  Contra Costa Superior Court entitled Klawitter, et al. v. Lu,
24  et al. (C08-02307) ("the Underlying Litigation") against Chu,
25  U.S.H.C. 2 and Mouwat to recover compensation paid to an

---

27  ³  Tran's only involvement in this action is that she is a co-owner of the hardware store and a named insured on the
28  policy.  Her name is not mentioned elsewhere in the complaint.

3

unlicensed contractor, for declaratory relief, for negligent construction, and for an action on a contractor's license bond. Id. at ¶ 27. Chu tendered this claim to plaintiff, and plaintiff agreed to participate in Chu's and Mouwat's defense, subject to a reservation of rights. Id. at ¶ 28. Although the Klawitter's suit remains active, and defendants are represented by counsel in that suit, none of the defendants appeared at the default judgment hearing.

Plaintiff seeks a declaration that it is not required to defend or indemnify defendants based on several provisions of the insurance policies. Although plaintiff did not provide a memorandum of points and authorities that directed the Court to the relevant portions of the complaint or the policy, I have examined the complaint and the portions of the policy in the record. I have concluded the policy in this case does not afford coverage to any of the named defendants for three reasons. First, the policy "does not apply to . . . That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations . . . ." Compl. ¶ 16. As established by the complaint, the Underlying Litigation concerns the defendants actions as general contractors. Second, the policy does not apply to "delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms." Id. The basis of the Underlying Litigation is that the defendants failed to perform their obligations under a contract with the Klawitters. Third, based on the complaint, Chu and Tran

4

purchased an insurance policy for a hardware store, not for a general contractor.

In sum, based on the allegations of the complaint and the exclusions that govern this action, **I RECOMMEND** that judgment be entered in plaintiff's favor and that a declaration issue that plaintiff has no duty to defend or indemnify defendants in the Underlying Litigation.

Dated: May 14, 2010

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\TRAVELERS V. CHU, et al\REP AND REC RE DECLARATORY RELIEF.wpd