BOHM, MATSEN, KEGEL & AGUILERA, LLP
A. Eric Aguilera (State Bar No. 192390)
Raymond E. Brown (State Bar No. 164819)
695 Town Center Drive, Suite 700
Costa Mesa, California 92626
Telephone: (714) 384-6500
Facsimile:  (714) 384-6501
Email: eaguilera@bmkalaw.com

Attorneys for plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, a Connecticut corporation, | Case No. 09-CV-05012 (WHA) |
| | [~~PROPOSED~~] **JUDGMENT** |
| Plaintiff, | **Fed. R. Civ. Proc. 55(b)(2)** |
| v. | |
| DAVID CHU and LEANNA TRAN dba U.S. HOME CENTER, INC.; U.S. HOME CENTER II, INC., a California Corporation; MOUWAT CONSTRUCTION, INC., a California Corporation; and DOES 1 through 10, inclusive, | |
| Defendants. | Complaint Filed: October 21, 2009 |

///

///

///

It appearing from the records in the above-entitled action that on December 3, 2009, plaintiff filed its first amended complaint ("complaint") requesting a declaration that it had no duty to defend or indemnify defendants in a separate state court proceeding; that on December 9, 2010, plaintiff served defendants Chu and Tran; that on December 11, 2009, plaintiff served defendants U.S. HOME CENTER II[1]; that on January 4, 2010, plaintiff served defendant Mouwat; and that each of the above-named defendants failed to plead or otherwise appear in said action as directed in the summons and as provided in the Federal Rules of Civil Procedure;

It further appearing from the records in the above-entitled action that on March 26, 2010, upon plaintiff's request, the clerk of this court entered defendants' default under Rule 55(a); and that plaintiff has submitted sufficient evidence to prove that defendants Chu and Tran are not minors, incompetent, or serving in the military;[2]

The following facts are therefore deemed admitted based on the allegations of the complaint.[3]

In 2006, Chu and Tran approached plaintiff seeking insurance for a hardware store, "U.S. Home Center," which they co-owned.[4] Compl. ¶ 10. Specifically, Chu and Tran sought to insure the "building, the building's contents, and their business as

---

[1] USHC II is not a named insured under the policy.

[2] A court may not enter a default judgment against an unrepresented minor, an incompetent person, or a person in military service. Fed. R. Civ. P. 55(b)(2); 50 App. U.S.C. 521. As corporations, Mouwat and U.S.H.C. 2 are not afforded such protection. Plaintiff's declaration, submitted May 11, 2010, sufficiently establishes that Chu and Tran are not minors, incompetent, or currently serving in the military. Doc. No. 23.

[3] By their default, defendants are deemed to have admitted the well-pleaded averments of the complaint. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

[4] Tran's only involvement in this action is that she is a co-owner of the hardware store and a named insured on the policy. Her name is not mentioned elsewhere in the complaint.

Bohm, Matsen, Kegel & Aguilera, LLP
695 Town Center Drive, Suite 700
Costa Mesa, CA 92626
(714) 384-6500

a supplier/retailer." *Id*. Chu and Tran did not seek "contractors' insurance." *Id*. Plaintiff issued Chu and Tran "Commercial General Liability Coverage" policies for three consecutive years. *Id*. at ¶ 11-14. Each policy described the insured business as "a hardware store located at 4933 San Leandro Street in Oakland." *Id*. at ¶ 14.

On May 23, 2005, Chu contracted with Darryl and Cholai Klawitter ("Klawitters") for "Structural Framing for the Addition/Alteration" of their property for a total cost of $196,000. Compl. ¶ 19. The Klawitters were not satisfied with Chu's work in part because the alteration failed building inspection multiple times. *Id*. at ¶ 23. In March 2008, Chu brought in defendant Mouwat to inspect and repair the work he had done. *Id*. at ¶ 24. Mouwat did some work on the Klawitters' property but it and Chu were both "kicked off the job" in March 2008. *Id*.

On May 14, 2008, Chu requested that Mouwat be added retroactively to his policy, which plaintiff approved. Compl. at ¶ 26. On September 18, 2008 the Klawitters filed a lawsuit in Contra Costa Superior Court entitled Klawitter, et al. v. Lu, et al. (C08-02307) ("the Underlying Litigation") against Chu, U.S.HOME CENTER II and Mouwat to recover compensation paid to an unlicensed contractor, for declaratory relief, for negligent construction, and for an action on a contractor's license bond. *Id*. at ¶ 27. Chu tendered this claim to plaintiff, and plaintiff agreed to participate in Chu's and Mouwat's defense, subject to a reservation of rights. *Id*. at ¶ 28. Although the Klawitters' suit remains active and defendants are represented by counsel in that suit, none of the defendants appeared at the hearing on plaintiff's motion for default judgment.

Based on the foregoing, the plaintiff sought a declaration that it is not required to defend or indemnify defendants based on several provisions of the insurance policies.  Pursuant to Rule 55(b)(2), the Court may enter a default judgment against a party against whom default has been entered. The decision to grant or deny a default judgment under Rule 55(b) is within the discretion of the Court. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Bohm, Matsen, Kegel & Aguilera, LLP
695 Town Center Drive, Suite 700
Costa Mesa, CA  92626
(714) 384-6500

[Proposed] Judgment

It further appearing from the records in the above-entitled action that Magistrate Judge Bernard Zimmerman issued a Report and Recommendations on May 14, 2010, recommending that judgment be entered in favor of the plaintiff because the policy in this case does not afford coverage to any of the named defendants for three reasons. First, the policy "does not apply to . . . That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations . . . ." Compl. ¶16. As established by the complaint, the Underlying Litigation concerns the defendants' actions as general contractors. Second, the policy does not apply to "delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms." *Id*. The basis of the Underlying Litigation is that the defendants failed to perform their obligations under a contract with the Klawitters. Third, based on the complaint, Chu and Tran purchased an insurance policy for a hardware store, not for a general contractor.

It further appearing that U.S. District Court Judge William Alsup issued an order on June 14, 2010, adopting Magistrate Judge Zimmerman's report and recommendation;

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that plaintiff THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT is under no obligation to defend and/or to indemnify defendants DAVID CHU and LEANNA TRAN dba U.S. HOME CENTER, INC.; U.S. HOME CENTER II, INC.; and MOUWAT CONSTRUCTION, INC., with respect to the lawsuit entitled Klawitter, et al. v. Lu, et al., Contra Costa County Superior Court Case No. C08-02307.

Dated: \_\_June 17\_\_, 2010   _____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE



Bohm, Matsen, Kegel & Aguilera, LLP
695 Town Center Drive, Suite 700
Costa Mesa, CA 92626
(714) 384-6500

4

[Proposed] Judgment

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

     I am employed in the City of Costa Mesa, County of Orange in the State of California. I am over the age of 18 years and not a party to the within action. My business address is 695 Town Center Drive, Suite 700, Costa Mesa, California 92626. On June 16, 2010, I served the documents named below on the parties in this action as follows:

DOCUMENT(S) SERVED:   **[PROPOSED] JUDGMENT**

SERVED UPON:   **SEE ATTACHED SERVICE LIST**

[X] (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Costa Mesa, California. I am readily familiar with the practice of the Law Offices of Bohm, Matsen, Kegel, & Aguilera LLP. for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] (BY PERSONAL SERVICE) I **caused** the above-referenced documents to be personally delivered on the date listed below.

[ ] (BY OVERNIGHT DELIVERY) I am readily familiar with the practice of the Law Offices of Bohm Matsen, Kegel & Aguilera, LLP. for the collection and processing of correspondence for overnight delivery and known that the document(s) described herein will be deposited in a box or other facility regularly maintained by Overnight Express for overnight delivery.

[ ] (BY FACSIMILE WHERE INDICATED) The above-referenced document was transmitted by facsimile transmission and the transmission was reported as complete and without error. Pursuant to C.R.C. 2009(I), I caused the transmitting facsimile machine to issue properly a transmission report, a copy of which is attached to this Declaration.

[ ] (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X] (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on June 16, 2010, at Costa Mesa, California.


                                         _/s/ Kathleen L. Rickard_
                                         Kathleen L. Rickard

# SERVICE LIST

## *The Travelers vs. Chu, et. al.*
### United States District Court, Northern District of California
### Case No. 3:09-cv-05012-BZ

**Defendants**

David Chu dba U.S. Home Center, Inc.
1244 Sherman St
Alameda CA 94501

Leanna Tran dba U.S. Home Center, Inc.
1244 Sherman St
Alameda CA 94501